IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>U.P.S. STORE; JANE DOE, a/k/a Bailey,<br><br>Defendants, | CV 20-182-M-DLC-KLD<br><br><br>ORDER and FINDINGS AND RECOMMENDATION |

On December 14, 2020, pro se Plaintiff Stephen P. Kelly ("Kelly") filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against the U.P.S Store located in Kalispell, Montana and U.P.S Store employee Jane Doe, a/k/a Bailey, in her official capacity. (Doc. 2).

### I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On December 14, 2020, Kelly completed an "Application to Proceed in District Court without

1

Prepaying Fees or Costs." (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II. Screening Requirement

Because Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.     Kelly's Allegations

Kelly alleges that on November 12, 2020, he went to the U.P.S. Store in Kalispell, Montana to mail some legal materials related to two other lawsuits. (Doc. 2, at 6). Kelly states that he was standing in line waiting for service when Defendant Jane Doe a/k/a Bailey ("Bailey") directed a woman standing in line behind him to move to the front of the line "despite the fact that Plaintiff, Kelly was in fact next in line!" (Doc. 2, at 7). Kelly claims that Bailey also moved two other female customers to the front of the line, "despite the fact that Kelly was already in line." (Doc. 2, at 8).

Kelly further alleges that he was waiting in line at the U.P.S. Store again on November 13, 2020, when Baily pulled an "older male subject" out of the line and placed him in front of Kelly. (Doc. 2, at 8). Kelly claims that Bailey also moved four other "persons of an older age" to the front of line that day. (Doc. 2, at 9).

Next, Kelly alleges that every day between November 3, 2020 and November 7, 2020, Bailey placed his legal materials into the U.P.S Store's outgoing mail area without adequate postage, despite the fact that he had paid Bailey for proper postage. (Doc. 2, at 9-10). Kelly states that this mail was later returned to him by the U.S. Postal Service, resulting in a delay of his two lawsuits. (Doc. 2, at 10).

Based on these alleged facts, Kelly asserts three claims for relief. First, Kelly alleges Defendants discriminated against him based on his sex and gender because he "was most clearly treated (non-comparable), to the other customer's [sic] of a female gender/sex." (Doc. 2, at 12-13). Second, Kelly alleges Defendants discriminated against him based on age because he "was in fact treated (non comparable) to the other customer's [sic] of an older age." (Doc. 2, at 13). Third, Kelly claims that Bailey mishandled his mail by failing "to properly affix and place the <u>paid for postage</u> upon [his] envelopes, causing his mail to be returned, resulting into [sic] <u>delay</u> of his two federal court cases/lawsuit's [sic]." (Doc. 2, at 14). Kelly seeks actual damages and punitive damages in the total amount of $365,000. (Doc. 2, at 14-15).

## IV.   Analysis

Kelly invokes the Court's federal question jurisdiction (Doc. 2, at 4) pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Kelly asserts that the Court "obtains subject matter jurisdiction over this case based upon the federal aspect of, (a) discrimination based upon age, (b) discrimination based upon sex and gender, and (c) mishandling of U.S. mail, an isolated federal matter." (Doc. 2, at 4-5).

Although Kelly alleges federal question jurisdiction, he does not identify the federal statute or constitutional provision he claims Defendants violated. Liberally construed, Kelly's Complaint can arguably be read as alleging a claim of unlawful discrimination under Title II of the Civil Rights Act of 1964, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. Importantly, however, Title II does not prohibit discrimination on the basis of age, sex, or gender. Because Kelly's allegations of unlawful discrimination are based on those three classifications, he cannot state a claim for public accommodation discrimination under Title II. See *Grant v. Alperovich*, 993 F.Supp.2d 1356, (W.D. Wash. 2014) (dismissing pro se plaintiff's Title II claims to the extent they were based on age, gender, and disability classifications); *Solomon v. Amazon.com, Inc.*, 2019 WL 2601794, at *3 (E.D.N.Y. June 24, 2019) (dismissing pro se plaintiff's Title II claims based on gender).

Kelly further alleges that Defendants engaged in a "clear conspiracy" to discriminate against him based on age, sex, and gender. (Doc. 2, at 11). To the extent this allegation can be liberally construed as an attempt to bring a conspiracy

6

claim under 42 U.S.C. § 1985, Kelly fails to state a claim for relief. To prevail on conspiracy claim under § 1985, Kelly "must prove (1) conspiracy, (2) for the purpose of depriving [him] of the equal protection of the laws or equal privileges and immunities under the laws, (3) an act in furtherance of conspiracy, and (4) an injury to [him] or [his] property or a deprivation of any right or privilege of a citizen of the united States." *Grant*, 993 F.Supp.2d at 1362. Kelly's bare allegations of a conspiracy are not sufficient to state a claim, *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005), and he not alleged any facts that could conceivably support a conspiracy claim.

     Finally, to the extent Kelly alleges Defendants mishandled his legal mail in violation of some unspecified constitutional right, he fails to state a claim under 42 U.S.C. § 1983. See *Lauderdale v. Louie*, 2006 WL 932357, at *1 (N.D. Cal. Apr. 11, 2006) (pro se plaintiff who alleged that owners of a UPS Store mishandled his mail failed to state a claim under 42 U.S.C. § 1983 because the UPS Store owners were not state actors, and the plaintiff did not allege any federal constitutional violations).

     Even construing the Complaint liberally in Kelly's favor, the Court cannot identify any viable federal claims arising out the factual scenario alleged. To support a claim, Kelly would have to allege facts that are different from the ones

he has already alleged, not merely additional facts. Amendment would be futile. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Kelley's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on December 14, 2020.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.   Kelly's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.   The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Kelly may object to this Findings and Recommendation within 14 days. See

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

<u>Kelly must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 3rd day of June, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge