IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>        Plaintiff,<br><br>vs.<br><br>U.P.S. STORE, a local Montana business; and JANE DOE, a/k/a BAILEY, in her official capacity, 432 E. Idaho Street, Ste. C. Kalispell, MT 59901,<br><br>        Defendants. | CV 20–182–M–DLC–KLD<br><br><br>ORDER |

      Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order and Findings and Recommendation. (Doc. 5.) Judge DeSoto recommends that Plaintiff Stephen P. Kelly's complaint (Doc. 2) be dismissed with prejudice and that the Court certify an appeal would not be taken in good faith. (Doc. 5 at 8.) Mr. Kelly has not filed any objections.

      A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a

1

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Reviewing for clear error, the Court finds none.

Mr. Kelly commenced this civil action on December 14, 2020, complaining that during November 2020 he was subjected to age and gender discrimination during trips to U.P.S and that the entity mishandled his mail by affixing insufficient postage. (*See generally* Doc. 2.) Mr. Kelly seeks to invoke this Court's federal question jurisdiction but does not point to any provision of federal law defendants have allegedly violated. (*Id.* at 4–5, 12–14.) The Court agrees with Judge DeSoto that dismissal is proper and that any appeal would not be taken in good faith.

With respect to Mr. Kelly's first two claims—gender and age discrimination—the Court finds no clear error in Judge DeSoto's determination that these claims lack a cognizable basis in federal law. (Doc. 5 at 6.) As Judge DeSoto notes, Title II of the Civil Rights Act of 1964, the only plausible basis for Mr. Kelly's gender and age discrimination claims against U.P.S. and its employees, does not prohibit sex- or age-based discrimination. 42 U.S.C. § 2000a(a). The Court also agrees that Mr. Kelly's claim related to mishandling of his mail cannot be sustained under 42 U.S.C. § 1983, its only plausible basis, because U.P.S. and its employees do not act under color of state law. *See, e.g.,*

*Brunette v. Human Society of Ventura Cty*, 294 F.3d 1205 (9th Cir. 2002).[1]

In sum, Mr. Kelly's complaint does not plausibly state a claim for relief. The Court agrees with Judge DeSoto that amendment would be futile because Mr. Kelly would have to allege different facts altogether to cure the complaint's defects. As such, the Court will certify that any appeal is not taken in good faith.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 5) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Kelly's complaint (Doc. 2) is DISMISSED WITH PREJUDICE, for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that this Court CERTIFIES pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal in this matter would not be taken in good faith.

The Clerk of Court shall enter a judgment of dismissal by separate document.

DATED this 28th day of June, 2021.

Dana L. Christensen, District Judge
United States District Court

---

[1] To the extent Mr. Kelly's complaint can plausibly be read to advance a civil conspiracy claim, Judge DeSoto's conclusion that the complaint does not and cannot allege sufficient facts to support such a claim is not clearly erroneous. *Holgate v. Baldwin*, 425 F.3d 671, 676–77 (9th Cir. 2005).